# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) MDL No. 2:18-mn-2873-RMG<br><br>**ORDER**<br><br>**This Order Relates to**<br>**Case No. 2:20-cv-1665-RMG** |

Defendants move for reconsideration of the Court's prior order granting Plaintiff's motion and suggesting remand. (Dkt. No. 7473). Plaintiff filed a response in opposition and Defendants filed a reply. (Dkt. Nos. 7586, 7628). The Court denies Defendants' motion.

Any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments...at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held that motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514; *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [Fourth Circuit's] views on the

interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *See Ashmore v. Williams*, No. 8:15–cv–03633, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017) (collecting cases). Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice. *See Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM–08–409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) (citing *Am. Canoe Ass'n*, 326 F.3d at 514). However, a motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome. *See Ashmore*, 2017 WL 24255, at *3; *Sanders v. Wal–Mart Stores E.*, No. 1:14–cv–03509–JMC, 2016 WL 6068021, at *3 (D.S.C. Oct. 17, 2016) (citing *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 8, 2012)). Nor should such a motion be used to raise new arguments or evidence that could have been raised previously. *See Nationwide Mut. Fire Ins. Co. v. Superior Solution, LLC*, No. 2:16–cv–423–PMD, 2016 WL 6648705, at *2 (D.S.C. Nov. 10, 2016); *Regan v. City of Charleston*, 40 F.Supp.3d 698, 701 (D.S.C. 2014). Defendants argue that the Court's prior order contained a clear error of law.

The Court denies Defendants' motion for reconsideration. Defendants rehash arguments the Court already considered and rejected. *See, e.g.*, (Dkt. No. 7416 at 4–5) (rejecting Defendants' argument remand is inappropriate because Plaintiff had other litigations pending in the MDL and explaining why further MDL coordination was would not benefit remanded case); (Dkt. No. 7473-1 at 3-4) (rearguing these same issues, including that Plaintiff has other actions pending in the

MDL concerning the same allegedly contaminated sites). The Court fully considered Defendants' arguments in its prior order and rejected them. Reconsideration is not proper.

For the foregoing reasons, the Court **DENIES** Defendants' motion for reconsideration (Dkt. No. 7473).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

October 14, 2025  
Charleston, South Carolina